1 F.3d 1251
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Stanley P. LABER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3623.
 United States Court of Appeals, Federal Circuit.
 May 5, 1993.
 
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The Merit Systems Protection Board moves to dismiss Stanley P. Laber's petition for review based upon a settlement agreement or, in the alternative, to vacate the Board's decision and to remand to the Board with instructions to dismiss. Laber opposes. The Board moves for leave to file a reply to Laber's opposition, with reply attached. Laber moves for leave to file a surreply and for leave to file supplemental material, with surreply and supplemental material attached.
 
 
 2
 On November 12, 1992, Laber and the Department of the Army entered into a settlement agreement. Paragraph one stated:
 
 
 3
 In the interest of promoting its Equal Employment Opportunity Program and to avoid protracted litigation, the Army and the Complainant agree to settle ALL matters involved in any and all informal or formal EEO complaints and Merit System [sic] Protection Board appeals in any stage whatsoever, including but not limited to matters before the Equal Employment Opportunity Commission and the Federal courts, filed by the Complainant against the United States Army Corps of Engineers, Chicago District and the North Central Division and the complainant authorizes the immediate dismissal of all such complaints or appeals complaints without cost to the Army Corps of Engineers, including dismissal at the Agency level, Equal Employment Opportunity, or Federal court levels.
 
 
 4
 On December 14, 1992, the Board moved to dismiss Laber's petition for review based on the settlement agreement.[1]
 
 
 5
 Laber argues that the settlement agreement does not cover this petition for review.[2] However, the settlement encompasses "ALL matters" and "appeals in any stage whatsoever, including but not limited to matters before ... the Federal courts" (emphasis added). Accordingly, we grant the Board's alternative motion for vacatur and remand.[3]
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Board's motion to dismiss is denied.
 
 
 8
 (2) The Board's alternative motion to vacate the Board's decision and to remand the case to the Board with instructions to dismiss is granted.
 
 
 9
 (3) The Board's motion for leave to file a reply is granted.
 
 
 10
 (4) Laber's motions for leave to file a surreply and supplemental material are granted.
 
 
 
 [1]
 Laber's petition for review had been dismissed on October 16, 1992, for failure to pay the filing fee or to file a Fed.Cir.R. 15(c) statement concerning discrimination. After those deficiencies were remedied, the court reinstated the petition on December 21, 1992
 
 
 [2]
 Laber argues (1) that the agreement was only between the Army Corps of Engineers and Laber (and not the Board, the respondent in this petition), (2) that this petition for review was not "current" or pending at the time that the settlement agreement was signed, because the petition had been dismissed for failure to comply with the rules, (3) that he sought to have excluded during settlement negotiations this case or another case but could not persuade the Army to list affected appeals in the agreement, and (4) that he did not intend for the settlement agreement to cover this petition for review
 
 
 [3]
 In appeal no. 92-3481, involving Laber and the Army, the court vacated the Board's decision and remanded to the Board with instructions to dismiss on December 31, 1992. Laber had moved to dismiss that petition for review based on settlement